IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., RICHARD MABRAY, M.D., AND ALLESAN PAIGE STREETER, | ) ) | |
| | ) | Civil Action |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| THE TEXAS STATE SENATE, AUSTIN OSBORNE, in his official capacity as the Sergeant-at-Arms of the Texas Senate, and DAN PATRICK, in his official capacity as Lieutenant Governor of the State of Texas, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiffs are Texas residents who seek declaratory and injunctive relief against Defendants The Texas Senate, Austin Osborne, in his official capacity as the Sergeant-at-Arms of the Texas Senate, and Dan Patrick, in his official capacity as Lieutenant Governor of the State of Texas (collectively, "Defendants"), for violation of Plaintiffs' First Amendment and additional rights under the U.S. Constitution, as follows:

## NATURE OF THE ACTION

1.     Defendants are perpetrating an unprecedented interference with constitutional rights and representative government by gagging Texas senators and state representatives concerning the upcoming impeachment trial of Ken Paxton, after he was reelected as the Texas Attorney General by nearly 800,000 votes in November 2022.

2.      A leader in working against illegal immigration and taking courageous conservative stances on additional issues, Ken Paxton has long been fully endorsed by former president Donald Trump.

3.      President Trump recently stated, General Paxton has "done an outstanding job [as Attorney General]."[1]  President Trump further called the impeachment "illegal, unethical and profoundly unjust" and concluded the impeachment was "ELECTION INTERFERENCE."[2]

4.      Paxton recently became a target of Texas House Speaker Dade Phelan ("Phelan") and others who opposed him in the 2022 Republican primary.

5.      Just days after Texas Attorney General Ken Paxton accused Phelan of presiding over the chamber while drunk and called on him to resign, a GOP-led state House ethics panel heard testimony from investigators detailing what they described as years of misconduct by the attorney general, later recommending his impeachment unanimously.  General Paxton was not allowed to present testimony to the secret House ethics panel.

6.      Analogous to the politically motivated impeachments of President Trump, allies of Phelan and others who were not successful in defeating General Paxton in the 2022 primary or general election impeached Paxton in the House of Representatives in the last few days of the 2023 legislative session.  The most senior members of both political parties, Republican and Democrat, expressed their dismay during the abbreviated floor debate at the lack of due process and fundamental flaws in this impeachment.

---

[1] President Trump, Truth, @realDonaldTrump, May 27, 2023.
[2] *Id.*

7.     Senator Ted Cruz described this impeachment process as "a travesty."[3] Because Phelan and others were not successful in defeating General Paxton in the 2022 primary or general election, it appears they have now sought to use the impeachment process to overturn the will of the voters as expressed in the 2022 election.

8.     The Senate rules imposed for the upcoming impeachment trial infringe on the constitutional rights of the People of Texas, including Plaintiffs, in multiple ways. (Exhibit "A") The gag provisions violate the First Amendment by preventing Texans from timely hearing and learning the positions about this proceeding from their senators and state representatives or their agents.   (Exhibits "A" and "B") These Senate rules further infringe on the First Amendment by impeding the right of Texans to petition or communicate with their senators or state representatives prior to their voting on this important matter.

9.     The Senate rules also disenfranchise the entire Texas State Senate District 8, which is the one represented by Senator Angela Paxton, by prohibiting her from voting.  (Exhibit "A").  Finally, the Senate rules run afoul of the Supreme Court holding in *Powell v. McCormack*, 395 U.S. 486 (1969), which prohibited Congress from refusing to seat a member elected by the People.

---

[3] Senator Ted Cruz, Twitter, @tedcruz, May 27, 2023.   Senator Cruz tweeted the following: "1/x What is happening to @KenPaxtonTX is a travesty.  For the last nine years, Ken has been the strongest conservative AG in the country.  Bar none.  No attorney general has battled the abuses of the Biden admin more ferociously-and more effectively-than has Paxton."

**THE PARTIES**

10.     Plaintiff Steven Hotze, M.D. ("Dr. Hotze") is a resident of Harris County, Texas, and a citizen of the United States.   Dr. Hotze is a registered voter in Harris County, Texas.   Dr. Hotze has reached out to numerous state senators and state representatives regarding the impeachment of General Paxton and some have responded, indicating they cannot communicate with him regarding the impeachment of General Paxton due to the gag order.   (Exhibit "C"). For example, Dr. Hotze reached out to Senator Bob Hall regarding the impeachment of General Paxton and received the following text response: "Dear Dr. Hotze, I am sorry, but I am banned from speaking to you about the Paxton Impeachment situation because of Lt. Gov. Patrick's Gag Order." (Exhibit "D").   Dr. Hotze also contacted Steve Toth, a current member of The Texas House of Representatives, regarding the impeachment of General Paxton.   Representative Steve Toth responded, stating, "Hello Dr. Hotze, I am unable to speak on the record about the impeachment proceedings due to Gag Order by the Court.   I hope you can understand."   (Exhibit "E").   Most senators and representatives have not responded to Dr. Hotze efforts to communicate with them regarding the impeachment of General Paxton. (Exhibit "C"). Previously, when Dr. Hotze reaches out to senators and state representatives they promptly respond to his texts, emails or calls.   (Exhibit "C").   Additionally, Dr. Hotze voted in the 2022 Republican Primary and general election.   Dr. Hotze supports General Paxton and is opposed to his impeachment.

11.     Plaintiff Richard Mabray, M.D. ("Dr. Mabray") is a resident of Victoria County, Texas, and a citizen of the United States.   Dr. Mabray is a registered voter in Victoria County, Texas.   Dr. Mabray's state senator and state representative are not

allowed to communicate with him regarding the impeachment of General Paxton, which violates his First Amendment rights to free speech and to petition regarding grievances. Dr. Mabray supports General Paxton and is opposed to his impeachment.

12.     Plaintiff Allesan Paige Streeter is a resident of Collin County, Texas, and a citizen of the United States.  Ms. Paige is a registered voter in Senate District 8.  Ms. Paige voted in the 2022 Republican Primary and general election.  She voted for Senator Angela Paxton.  By excluding Senator Paxton from the impeachment process, Ms. Paige is disenfranchised and left without representation in a matter of statewide importance-the impeachment of General Paxton.

13.     Defendant The Texas Senate is recognized under the Texas Constitution, Article III, Sec. 1, stating, "Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"  The Texas Senate may be served through the Attorney General for the State of Texas, 300 W. 15th St., Austin, Texas 78701.

14.     Defendant Austin Osborne ("Osborn") is the Sergeant-at-Arms for the Texas Senate.  He is sued in his official capacity as Sergeant-at Arms of the Texas Senate.  Osborn and the Office of the Sergeant-at-Arms are responsible for enforcing S.R. 35 and the Gag Order which are the basis for this suit.  The Sergeant-at-Arms may be served through the Attorney General of the State of Texas, 300 W. 15th St., Austin, Texas 78701.

15.     Defendant Dan Patrick ("Patrick") is the Lieutenant Governor and President

5

of the Senate of Texas.  He is sued in his official capacity as the Lieutenant Governor of the State of Texas.  The Lieutenant Governor presides over the impeachment trial of General Paxton and is responsible for the gag order which is the basis of this suit. (Exhibit "B").  The Lieutenant Governor may be served through the Attorney General of the State of Texas, 300 W. 15th St., Austin, Texas 78701.

## JURISDICTION AND VENUE

16.     This action arises out of federal law: Defendants' ongoing violations of the First Amendment and other provisions in the U.S. Constitution.  This action thereby raises federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

17.     Venue is proper in this United States District Court for the Southern District of Texas under 28 U.S.C. § 1391(b) & (d). The ongoing violations of constitutional rights are against all Texas residents, including Plaintiff Richard Mabray, M.D. who resides in this district.  Defendants are residents of Texas that are subject to personal jurisdiction here.

### Ongoing Injuries to Plaintiffs

18.     Defendants are immediately infringing on the constitutional rights of Plaintiffs by disenfranchising them and violating their First Amendment rights concerning a proceeding scheduled to take place in September 2023.

### Irreparable Harm and Inadequacy of Alternate Remedies

19.     Plaintiffs have First Amendment injuries to their rights of freedom of speech, for which the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Accordingly, Plaintiffs have suffered – and continue to suffer – irreparable harm.

20.     Defendants' noncompliance with the law is significantly harming the interests of Plaintiffs.  Plaintiffs, absent relief, will imminently suffer specific and substantial injuries in fact to a legally protected interest; such injuries are directly traceable to the Defendants' challenged actions herein; and a favorable judgment by this Court will likely redress such injuries.

### FACTUAL BACKGROUND

### Texas House's Secret Impeachment Proceeding

21.     On May 27, 2023, just a few months after being overwhelmingly elected to his third term, during the final hours of the legislative session a group of legislators in the Texas House impeached General Paxton.  The vote came only two days after a secret investigative committee unveiled articles of impeachment— and two days before the close of a biennial legislative session.  Following the House vote that impeached him, General Paxton said, "The ugly spectacle in the Texas House today confirmed the outrageous impeachment plot against me was never meant to be fair or just. It was a politically motivated sham from the beginning. … What we witnessed today is not just about me. It is about the corrupt establishment's eagerness to overpower the millions of Texas voters who already made their voices heard when they overwhelmingly re-elected me." [4]  The articles of impeachment were then sent to be tried in the Texas Senate.

### Texas Senate Hides its Work from Texans

22.     On May 29, 2023, the last day of the regular legislative session, the Senate passed a resolution creating a seven-member committee to draft rules for the impeachment trial of General Paxton.  The rule-making committee worked in secret for three weeks drafting the proposed rules without telling the public when and where they

---

[4] Twitter, @KenPaxtonTX, " May 27, 2023.

were meeting.  No information about the committee, its membership or anything else related to it was ever published on the official Senate website. The committee never gave public notice for its meetings, despite Senate rules requiring committees to provide 24-hour notice for meetings, even if they intend to meet privately in executive session.[5] The rules were presented to the full Senate on June 20, 2023.

23.     Following two days of closed-door debate, The Texas Senate approved the rules for the impeachment trial of General Paxton.  The Rules were approved on a vote of 25 to 3 without debate on the floor.  The process has been anything but transparent and has excluded Texans from participating and having their voices heard in a proceeding that could result in almost 30 million Texans being disenfranchised from the voting process.

**The Secret Rules**

24.     On June 21, 2023, the Senate's secret rules first saw the light of day and were adopted as Senate Resolution No. 35 ("S.R. 35").  (Exhibit "A").  Prior to the Senate adopting its rules for the impeachment trial, Senator Angela Paxton indicated that she would "carry out (her) duties" as a state senator and not recuse herself

---

[5] Not only are Senate committees normally required to give prior notice of meetings, they also have to adopt their own rules and keep minutes of their meetings. The rule-making committee was established as a "special committee," but Senate rules do not exempt special committees from any rules unless the resolution forming them says so.  The resolution makes it clear the Senate can meet in executive session; however, it does not address whether they are exempt from the Senate rules regarding 24-hour notice and keeping minutes of the meeting.  The resolution gave the committee the power to meet at the call of the chair and to meet in closed sessions. Otherwise, it did not exempt the committee from any Senate rules.

ahead of General Paxton's upcoming impeachment trial.[6]   Senator Paxton further emphasized, "As a member of the Senate, I hold these obligations sacred and I will carry out my duties, not because it is easy, but because the Constitution demands it and because my constituents deserve it."[7]   Senator Paxton's issued a formal statement regarding her decision not to recuse herself, stating:

> "I have twice been elected to represent the nearly one million Texans who reside in Senate District 8, and it is a tremendous honor and privilege to be their voice in the Texas Legislature. Each time I was elected, I took an oath to uphold the Constitution and the laws of this great state, and Texas law compels each member of the Senate to attend when the Senate meets as a court of impeachment. As a member of the Senate, I hold these obligations sacred and I will carry out my duties, not because it is easy, but because the Constitution demands it and my constituents deserve it."[8]

Senator Paxton was right; Article 15 of the Texas Constitution demands she serve in the court of impeachment.

### Senate Excludes Senator Paxton: S.R. 35, Rule 31

25.     Not satisfied with Senator Paxton's decision, and in an effort to exclude

her from the impeachment trial, the Senate included Rule 31 in S.R. 35, stating:

> "A member of the court who is the spouse of a party to the court of impeachment is considered to have a conflict pursuant to Article III, Section 22, of the Texas Constitution.  Such member of the court shall be seated in the court of impeachment pursuant Article 15 of the Texas Constitution. However, such member of the court shall not be eligible to vote on any matter, motion, or question, or participate in closed sessions or deliberations.

---

[6]  Statement from Senator Paxton, *Senator Angela Paxton Releases Statement Regarding Impeachment Proceedings*, Monday, June 19, 2023.
[7]  AP, *Texas lawmaker says she will 'carry out' duties in husband's impeachment trial*, June 20, 2023.
[8]  Statement from Senator Paxton, *Senator Angela Paxton Releases Statement Regarding Impeachment Proceedings*, Monday, June 19, 2023.

> Notwithstanding any other rule, a member of the court who is the spouse of a party to the court of impeachment shall be considered present and eligible only for the purpose of calculating the number of votes required for any and all matters, motions, and questions under these rules."

S.R. No. 35, Rule 31 (June 21, 2023) (Exhibit "A"). Rule 31 ignores the plain language of Article III, Section 22 which prohibits **any member** who has a **"personal or private interest"** in a "measure or bill" from voting.  TEX. CONST., Art. 3, § 22.[9]

26.     Rule 31 targets one senator, Angela Paxton, and the ultimately the voters living in Senate District 8, as having a "personal or private interest" under Article III, Section 22.

27.     Because the Rules Committee improperly met in secret and have kept their process a secret, there is no way to know how the committee arrived at the conclusion that Senator Paxton had a disqualifying conflict of interest. Did any other Senator or the Lieutenant Governor disclose a "personal or private interest" or pecuniary interest as required by Article 3, Section 22?

28.     Arguably, every senator and the Lieutenant Governor have "personal or private interests" under Article 3, Section 22.

29.     Yet every other senator and the Lieutenant Governor is conspicuously absent from the language of Rule 31, thereby allowing them to fully participate in the impeachment trial.

---

[9] Article 3, Sec. 22. of the Texas Constitution states:  DISCLOSURE OF PERSONAL OR PRIVATE INTEREST IN MEASURE OR BILL; NOT TO VOTE. A member who has a personal or private interest in any measure or bill, proposed, or pending before the Legislature, shall disclose the fact to the House, of which he is a member, and shall not vote thereon.

30.     For instance, Democrat Senator Menendez has publicly demonstrated his bias and prejudice against General Paxton, including the circumstances that will be addressed at trial. On March 2023, Menendez publicly identified his prejudice against General Paxton stating: "Ken Paxton[] continues to be allowed to flaunt the laws/rules without any consequences."    (Exhibit "F"). Within the last year, Menendez has made public statements accusing General Paxton of bribery and wrongdoing, including one against Paxton's reelection by urging the public to "elect an AG that's NOT under indictment, FBI investigation or accused of bribery by his own staff!"   (Exhibit "F") Plainly, Senator Menendez has a bias towards seeing General Paxton convicted.   Despite these public comments demonstrating Senator Menendez's very one-sided position last year – which Texas voters rejected by reelecting Paxton in a landslide – Senator Menendez is not excluded by the Senate Rules.

31.     During a nationally televised interview, Democrat Senator Gutierrez concluded that he's "seen an abundance of misdeeds here."[10] He further stated, "What we cannot turn away from is he is currently under indictment out of Collin County…he is under investigation from the FBI from some of the things that arose in this impeachment…" and the evidence seen by the House "could not be refuted." *Id.* Despite these statements, Senator Gutierrez is not included in Rule 31.

32.     Senator Charles Schwertner (R-Georgetown) endorsed George P. Bush in the Republican Primary against General Paxton.  By endorsing General Paxton's primary

---

[10] See https://www.youtube.com/watch?v_D5EkDv29Jvw.

opponent, Senator Schwertner has a "personal or private interest" in seeing that General Paxton is removed from office.  Yet Senator Schwertner is not excluded under Rule 31.

33.     Senator Mayes Middleton (R-Galveston) invested in former State Rep. Matt Krause's campaign and later Louie Gohmert's campaign in the primary against General Paxton. Both candidates made statements expressing concern about Ken Paxton's legal troubles but Gohmert was particularly critical, raising the prospect that Paxton might be indicted before the election and a Democrat would take the position by default. Gohmert's website read: "Texas needs an attorney general whose top attorneys working for him have not found it necessary to send a letter to the FBI urging an investigation into the corruption of their boss." If we assume that Senator Middleton was so concerned about Ken Paxton's legal troubles that he would contribute large sums into his challengers' campaigns, he has a personal, private, and pecuniary interest in seeing a return on his investment even if he reaches his goal in a different manner.  Like Senator Menendez, Senator Gutierrez, Senator Schwertner, and Senator Middleton are not excluded by Rule 31.

34.     Additionally, all the Senate Democrats have worked for years to defeat General Paxton; however, none of them is excluded in Rule 31. Article 3, Section 22 is much broader than the marital relationship identified in Rule 31, and if applied equally would probably result in every senator and the Lieutenant Governor being excluded from the impeachment trial.

35.     As shown below, Article 3, Section 22 is not properly applicable to an Article 15 impeachment proceeding.

**Lieutenant Governor and Senators Refuse to Speak with or Hear from Their Constituents: S.R. 35, Rule 10 and Gag Order**

36.     As part of the impeachment Rules, the Senate prohibits senators from interacting with their constituents, effectively silencing the voice of all Texans in this historic process.[11]  Specifically, Rule 10 states:

> "**Gag Order**. (a) A Gag Order that meets state and federal law standards shall be issued by the presiding officer of the court as soon as practicable after adoption of the rules for the court of impeachment.
>
> (b)  **Communication Rules**. No members of the court, staff of members of the court, presiding officer of the court, and legal counsel of the presiding officer **shall discuss or comment on any matter relating to the merits of the proceedings before the court of impeachment with Warren Kenneth Paxton, Jr.**, and his counsel, the House Board of Managers and their counsel, **or any persons** other than members of the court, the presiding officer of the court, legal counsel to the presiding officer, or staff or legal counsel to members of the court."

37.     On July 17, 2023, Lieutenant Governor Patrick issued a broad Gag Order related to the impeachment trial of General Paxton stating "out-of-court statements" by both sides could jeopardize the trial in the Texas Senate.[12]  Violators of the Gag Order can be found in contempt of court and punished with up to six months in a county jail and a fine of up to $500.  (Exhibit "B").  Among other things, the order prohibits parties — including members of the Senate and House and their staffs, witnesses and attorneys —

---

[11] In general, impeachments are a rare occurrence. In Texas, three officials have been impeached and two were removed from office after impeachment—Governor James Ferguson (D) in 1917 and State District Judge O.P. Carillo in 1975. Ferguson was indicted on charges including embezzlement while Carillo spent three years in jail following his impeachment. *Baylor University*, "O.P. Carrilo," accessed November 4, 2013.  Specifically, Judge Carillo was impeached and removed in 1976 for "schem[ing] to take Duval County taxpayers' money through phony equipment rentals." *Daily Texas Online*, "The Daily Texan editorial board's endorsements for the Tuesday, Nov. 5 election," November 3, 2013.

[12] Robert Downen, *Acting as Paxton impeachment judge, Lt. Gov. Dan Patrick issues sweeping Gag Order*, Texas Tribune, July 17, 2023.

from making statements that they "reasonably should know" will have a "substantial likelihood of materially prejudicing the trial."  (Exhibit "B").

38.    Rule 10 and the Gag Order (Exhibit "B") prohibits, among other things, the senators and state representatives from communicating with their constituents on a matter of statewide importance, silencing the voice of the people.  Rule 10 and the Gag Order trample on the constitutional rights of Plaintiffs and all Texans.

## COUNT I
### (Against Defendants for Violation of the First Amendment Freedom of Speech)

39.     Plaintiffs incorporate herein all statements and allegations contained in this Complaint.

40.     The Texas senators and state representatives are state actors fully subject to the First Amendment of the U.S. Constitution.

41.     The Gag Order in the Senate rules infringes on the First Amendment right of Plaintiffs to hear the impressions, positions, and views of Texas senators and state representatives in connection with the impeachment trial.

42.     The Gag Order in the Senate rules infringes on the First Amendment right of Plaintiffs to communicate with Texas senators and state representatives in connection with the impeachment trial.

43.     Rule 10 and the Gag Order prohibits, among other things, the senators and state representatives from communicating with their constituents on a matter of statewide importance, silencing the voice of the people.

44.     If senators and state representatives are "gagged" from speaking to their constituents, then so too are their constituents "gagged" from speaking to their senators and state representatives.

45.     Defendants' foregoing conduct infringes on Plaintiffs' First Amendment right to speak and hear, and has a further chilling effect on their protected First Amendment rights.

## COUNT II
**(Against Defendants for Violation of the First Amendment Right to Petition)**

46.     Plaintiff incorporates herein all statements and allegations contained in this Complaint.

47.     The Texas senators and state representatives are state actors fully subject to

the First Amendment of the U.S. Constitution.

48.     The Gag Order in the Senate rules and Rule 10 infringes on the First Amendment right of Plaintiffs to petition their Texas senators and state representatives in connection with the impeachment trial of General Paxton.

## COUNT III
**(Against Defendants for Violation of the "One Person One Vote" Requirement of the U.S. Constitution)**

49.     Plaintiffs incorporate herein all statements and allegations contained in this Complaint.

50.     The Texas Senate Rules violate the well-established principle of "one person one vote" that is repeatedly required by the U.S. Supreme Court and the Fifth Circuit.

51.     "In a nutshell, the 'one man one vote' rule means that 'each person's vote counts as much, insofar as it is practicable, as any other person's.'" *Voter Info. Project, Inc. v. Baton Rouge*, 612 F.2d 208, 210 (5th Cir. 1980) (quoting *Hadley v. Junior College District*, 397 U.S. 50, 54 (1969)).

52.     This fundamental principle was described in a Fifth Circuit concurrence as the "revolutionary one person, one vote line of cases." *Thomas v. Reeves*, 961 F.3d 800,

16

808 (5th Cir. 2020) (Costa, Owen, Davis, Stewart, Dennis, and Higginson, JJ.,
concurring with an en banc ruling) (citing *Reynolds v. Sims*, 377 U.S. 533 (1964)).

53.     "The idea that one group can be granted greater voting strength than
another is hostile to the one man, one vote basis of our representative
government." *Moore v. Ogilvie*, 394 U.S. 814, 819 (1969).

54.     The Senate Rules directly violate this fundamental constitutional principle
by fully disenfranchising all of the voters in the district of Senator Angela Paxton, and
simultaneously alter the relative representation of every other voter in Texas.

55.     Senate Rules thereby violate the Equal Protection Clause of the Fourteenth
Amendment of the U.S. Constitution, and the requirement of "one person, one vote."

56.     Article 15, section 2 of the Texas Constitution states: "TRIAL OF
IMPEACHMENT OF CERTAIN OFFICERS BY SENATE. Impeachment of
the…Attorney General…shall be tried by the Senate."  The inclusion of the word "shall"
requires Senator Paxton to fully participate in the impeachment trial, including
deliberations relating to the ultimate outcome.

57.     Article 15 is limited to impeachment proceedings and is the only article in
the Texas Constitution addressing the impeachment and trial of an attorney general. In its
Rules for the impeachment trial, the Senate goes outside Article 15 to exclude Senator
Paxton and her constituents from the impeachment trial.   To achieve the goal of
excluding Senator Paxton, Senate Rule 31 cites Article 3, Section 22, stating:

> **Conflict.** A member of the court who is the spouse of a party to the court of
> impeachment is considered to have a conflict pursuant to Article III, Section 22,
> of the Texas Constitution. Such member of the court shall be seated in the court of
> impeachment pursuant to Article 15 of the Texas Constitution. However, such
> member of the court **shall not be eligible to vote on any matter, motion, or
> question, or participate in closed sessions or deliberations.**

17

S.R. Rule 35, (June 21, 2023) (Exhibit "A").

58.     Conspicuously absent from Article 15 is any language that allows the Senate to exclude one of its members from "vot[ing] on any matter, motion or question, or participating in closed sessions or deliberations."  The personal or private interests language identified in Article 3, Section 22 are not found in Article 15.  Rule 31 fails to recognize that Article III, Section 22 is much broader than the husband and wife relationship and if accurately applied would likely result in every senator and the Lieutenant Governor being excluded from the impeachment trial.

59.     Specifically, Article 3, Section 22 states:

Sec. 22. DISCLOSURE OF PERSONAL OR PRIVATE INTEREST IN MEASURE OR BILL; NOT TO VOTE.  A member who has a personal or private interest in any measure or bill, proposed, or pending before the Legislature, shall disclose the fact to the House, of which he is a member, and shall not vote thereon.

60.     Here, arguably every Senator and the Lieutenant Governor have a conflict of interest with respect to the impeachment proceeding.

61.     The language found in Article 3, Section 22 is conspicuously absent from Article 15.  Unlike Article 15, Article III does not address impeachment.  In fact, the word impeachment is nowhere to be found in Article 3.

62.     The Texas Supreme  Court has made it clear that Article 3, section 22 is not applicable to an Article 15 proceeding.

63.     In the matter of impeachment the House acts somewhat in the capacity of a grand jury.  It investigates, hears witnesses, and determines whether or not there is sufficient ground to justify the presentment of charges, and if so, it adopts appropriate articles and prefers them before the Senate.

64.     In doing these things, the House is not "legislating", nor is it conducting an investigation in order that it may be in better position to legislate.  It is investigating facts in order that it may determine whether one of the people's servants has done an official wrong worthy of impeachment under the principles and practices obtaining in such cases, and, if so, to present the matter for trial before the constituted tribunal.  All of this is judicial in character.

65.     The same is true of the Senate, except its powers are so clearly judicial as to make argument on the point almost superfluous.  "Impeachment", says the Texas Constitution, shall be "tried" by the Senate. During the trial the Senate sits "as a court of impeachment," and at its conclusion renders a "judgment".  A body authorized to sit as a "court" to "try" charges preferred before it, that is to hear the evidence and declare the law and to render "judgment", possesses judicial power, and in its exercise acts as a court.  The Senate sitting in an impeachment trial is just as truly a court as is this court.  The Senate's jurisdiction is very limited, but such as it has is of the highest.  It is original, exclusive and final.  Within the scope of its constitutional authority, no one may gainsay its judgment.

66.     "The courts, in proper cases, may always inquire whether any department of the government has acted outside of and beyond its constitutional authority." *Ferguson v. Maddox*, 114 Tex. 85, 100 (Tex. 1924).  The acts of the Senate, sitting as a court of impeachment, are not exempt from this judicial power…." *Id.*  The Senate is bound by the United States Constitution. *Id.*

67.     However, Article 15 includes a provision to ensure an "[i]mpartial trial by [the] Senate."  TEX. CONST,  art.  15, § 3.  To ensure that "personal or private interest"

are not an issue.  Specifically, "When the Senate is sitting as a Court of Impeachment, **the Senators shall be on oath, or affirmation of impartiality to try the party impeached**, and no person shall be convicted without the concurrence of two-thirds of the Senators present."  TEX. CONST. art. 15, § 3.  Through the oath, or affirmation of impartiality, Article 15, § 3 addresses personal or private interest, including the relationship between General Paxton and Senator Paxton.

68.     Every Senator presiding over General Paxton's impeachment trial has a bias or partiality for or against General Paxton.  Party affiliation alone raises partiality concerns.  The Democrats in the Senate have worked to defeat General Paxton for years and some of the Republican Senators have supported General Paxton.  Identifying all the "private or personal" interests among senators, the Lieutenant Governor, and General Paxton would consume hundreds of pages.

69.     Despite the fact that every Senator and the Lieutenant Governor arguably have a conflict "personal or private" interest in the impeachment proceeding and/or biases for or against General Paxton, Rule 31 targets one individual, Senator Angela Paxton, and the voters who live in Senate District 8.   Again, Rule 31 expressly prohibits Senator Angela Paxton from voting on any matter, motion, or question, or participating in closed sessions or deliberations.  Effectively, the Rule makes Senator Paxton a bystander in the court of impeachment and leaves Senate District 8 without representation; thus violating the "one person one vote" requirement of the Constitution.

70.     The Senate Rules do not have any provisions addressing or prohibiting many conflicts of interests, such as prohibiting votes by senators who accept or seek political campaign donations by opponents of Ken Paxton.  Senators having conflicts of

interests, including even potentially receiving monetary incentives, are fully allowed to vote in the impeachment trial except for Senator Angela Paxton.

71.     The Senate Rules do not provide for a substitute for Senator Angela Paxton to represent her district in the impeachment vote to represent her district in the impeachment trial vote.

72.      The Texas Constitution does not require or even encourage any impartiality in the vote on impeachment, which is a quintessentially political vote unlike a jury trial. Article III, Section 22 of the Texas Constitution concerning conflicts does not by its terms apply to a vote at an impeachment trial.

73.     Plaintiffs fully assert their rights under 42 U.S.C. § 1983 against Defendants based on their adopting and enforcing the unconstitutional Senate Rule 31 with respect to the impeachment trial of Ken Paxton.

74.     Senate Rule 31 must be fully enjoined based on its violation of the requirement of "one person one vote," under the Fourteenth Amendment to the U.S. Constitution and corresponding precedents established by the U.S. Supreme Court.

75.     Plaintiffs have standing as voters for offices in the Texas Senate and seek full relief, including an injunction against the Senate Rules and recovery of attorneys' fees as provided by 42 U.S.C. §§ 1983 and 1988 for any and every claim asserted herein.

**EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER**

76.     Plaintiffs incorporate the foregoing paragraphs and incorporate them here as if fully set forth herein.

77.     Plaintiffs seek a temporary restraining order preventing Defendants from implementing and enforcing SR 35 Rule 10 and Rule 31 (Exhibit "A") and the

accompanying Gag Order (Exhibit "B").  A temporary restraining order serves to provide emergency relief and preserve the status quo until a hearing may be had on a preliminary injunction.

78.     Without immediate relief, Plaintiffs will suffer imminent and irreparable harm.  With each day that passes, Plaintiffs are deprived of their liberty and rights under the United States Constitution in that they not allowed to communicate with their duly elected representatives in the state senate or state house regarding an issue of immense statewide importance.

## GROUNDS FOR A PRELIMINARY INJUNCTION

79.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

80.     Plaintiffs request this Court to set their Motion for a Preliminary Injunction for a hearing and, after the hearing, issue a preliminary injunction against Defendants.

81.     Additionally, Plaintiffs further request that, following a trial on the merits of this case, the Court enter a permanent injunction against Defendants.

## PRAYER FOR RELIEF

82.     Plaintiffs demand the following relief:

a.    a declaration that Senate Resolution 35, Rules 10 and 31 and the companion Gag Order violate the First and Fourteenth Amendments to the United States Constitution, and are invalid;

b.    a temporary restraining order, preliminary and permanent injunction that suspends the enforcement of Senate Resolution 35, Rules 10 and 31 and the companion Gag Order;

c.   an award of nominal and compensatory damages;

d.   an award of costs and attorneys' fees, pursuant to 42 U.S.C. §§ 1983 and

1988; and

e.   all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted,

**WOODFILL LAW FIRM, PC**

*/s/ Jared R. Woodfill*
Jared R. Woodfill
State Bar No. 00788715
Federal Bar No. 17069
3 Riverway, Suite 750
Houston, Texas 77056
Tel: (713) 751-3080
Fax: (713) 751-3058
woodfillservice@gmail.com (service)
jwoodfill@woodfilllaw.com (non-service)

Dated:  August 3, 2023