By: Birdwell                                    S.R. No. 35

                        SENATE RESOLUTION

BE IT RESOLVED by the Senate of the State of Texas, That the
following Rules of Impeachment govern in the Impeachment Trial of
Warren Kenneth Paxton Jr., Attorney General of the State of
Texas:

Rule 1.

**Court of Impeachment.** At 9:00 a.m., on September 5, 2023, or at
the discretion of the presiding officer of the Senate, the Senate
of the State of Texas shall meet to receive the appearance or plea
and commence the trial of Warren Kenneth Paxton, Jr., Attorney
General of the State of Texas, against whom articles of
impeachment have been preferred by the House of Representatives
of the State of Texas.

Rule 2.

**Court and Court Officers.** The Senate of the State of Texas sits as
the court of impeachment. The members of the Senate serve as the
members of the court. The President of the Senate, or a member of
the Senate designated by the President, serves as the presiding
officer of the court. In addition, the President of the Senate
may appoint a jurist who shall not run for election in the 2024
election cycle to serve as the presiding officer of the court.
The Sergeant at Arms of the Senate serves as bailiff of the court.

EXHIBIT A

The Secretary of the Senate serves as clerk of the court. The President of the Senate may appoint additional officers of the court as he deems necessary.

Rule 3.

**Parties and Appearance.** Warren Kenneth Paxton, Jr., and the House Board of Managers are the parties to the trial of impeachment. The parties and their counsel shall be admitted to appear and be heard on the impeachment. The parties and their counsel have access to the floor of the Senate at all times and are to be provided seats on the floor of the Senate, except when the court of impeachment is in closed session. The appearance of the parties and their counsel is to be indicated in the record of the proceedings for each session of the impeachment trial. The bailiff shall maintain a daily register of all persons admitted to the floor of the Senate, except for members of the court, officers of the court, the presiding officer, legal counsel for the presiding officer, and staff of members of the court.

Rule 4.

**Proceeding Records.**

(a) The clerk of the court shall ensure that the court has the court reporters necessary to transcribe the court's proceedings. The parties may also have their own court reporter to transcribe the proceedings, at their own expense.

(b) A copy of all written documents submitted into evidence

during the impeachment trial shall be shared with members of the court.

Rule 5.

(a) **Commencement of the Trial.** The Senate, having resolved itself into a court of impeachment, shall proceed to the consideration of Articles I, II, III, IV, V, VI, VII, VIII, IX, X, XV, XVI, XVII, XVIII, XIX, and XX. Articles XI, XII, XIII, and XIV shall be held in abeyance. The clerk of the court shall read the articles of impeachment and the presiding officer shall ask Warren Kenneth Paxton, Jr., or his counsel, how he plead on each article. Warren Kenneth Paxton, Jr., shall in-person or by counsel appear in the court and plead guilty or not guilty to the articles of impeachment preferred against him. The plead shall be recorded with the clerk of the court of impeachment. If Warren Kenneth Paxton, Jr., fails to appear in-person or by counsel, or in appearing, fails to plead to the articles of impeachment, the trial shall proceed as on a plea of not guilty.

(b) **Action on Pleadings.** Any motion, that if wholly or partially granted, would result in dismissal of any article or articles of impeachment shall be submitted to a vote of the majority of the members present and eligible to serve as jurors without debate or comment, after members of the court consider all written motions and answers by the parties and the report of recommendations prepared by the Senate Special Committee on Rules & Procedures for Court of Impeachment.

All other pre-trial motions shall be ruled on by the presiding officer of the court considering all written motions and answers by the parties and the report of recommendations prepared by the Senate Special Committee on Rules & Procedures for Court of Impeachment previously submitted under Rule 15, without debate or comment. The presiding officer of the court shall rule on each such motion, or at his or her option, shall submit the question to a vote of the majority of the members present and eligible to serve as jurors.

(c) **Order of Proceeding and Trial.** The trial shall begin promptly after rulings and votes on all pre-trial motions. Time limitations as provided in Rule 17 shall be monitored by the clerk of the court during all the proceedings of the court. The House Board of Managers may provide an opening statement. Warren Kenneth Paxton, Jr., or his counsel may make an opening statement afterwards or reserve the right to make an opening statement at the beginning of his case. The House Board of Managers or their counsel may then begin the presentation of evidence. Cross-examination of witnesses is permitted. Upon conclusion of the evidence on the part of the House Board of Managers or their counsel, Warren Kenneth Paxton, Jr., or his counsel may make an opening statement if they have not already done so. Warren Kenneth Paxton, Jr., or his counsel may begin the presentation of evidence. Cross-examination is permitted. Rebuttal evidence may be presented by both parties. Upon the completion of all evidence, closing arguments shall be heard. The House Board of

Managers having the burden of proof, has a right to open and close the final arguments. Following final arguments, members of the court shall begin deliberation.

(d) **Examination of Witnesses.** All witnesses and evidence shall be examined only by the House Board of Managers or counsel to the parties.

(e) **Witness Lists.** A list of all witnesses, if any, who are to be called to testify in their case in chief at trial by a party, including the status of their subpoenas, are to be filed with the clerk of the court by August 22, 2023, or a date set by the presiding officer of the Senate. Copies of such lists shall be provided to the opposing party, members of the court, the presiding officer of the court, and legal counsel of the presiding officer of the court but are otherwise confidential.

Rule 6.

**Authority of the Court.** The presiding officer of the court has the power to compel the attendance of witnesses, to enforce obedience to its orders, mandates, writs, process, and judgments, to preserve order, and to punish for contempt to the same extent as district courts in the State of Texas or as provided in Section III, Article 15, of the Texas Constitution, and to make all lawful orders, rules and regulations which it may deem essential or conducive to the ends of justice. The bailiff, under the direction of the presiding officer thereof, may employ licensed Texas peace officers to aid and assist as may be necessary to

enforce, execute, and carry into effect the lawful orders, mandates, writs, and process sitting as a court of impeachment. All effort shall be taken to ensure the timely production of subpoenaed writings or other items. All subpoenas issued requesting documents, writings, or other items shall be responded to within seven days of receipt of service.

Rule 7.

**Suspension or Amendment of the Rules.** These rules of impeachment govern during the trial of this impeachment proceeding. The rules may be suspended on the vote of two-thirds of the members of the court present and eligible to serve as jurors, the yeas and nays of the vote entered in the record. The rules may be amended on the vote of two-thirds of the members of the court present and eligible to serve as jurors, the yeas and nays of the vote entered in the record, after written notice of the proposed amendment has been given in the open court for a period of at least twenty-four hours.

Rule 8.

**Closed Court Deliberation.** The sessions of the court of impeachment are to be open. Deliberations of the court are to be closed. The court may meet in closed session, but no formal action may be taken in a closed session. Deliberations may not occur until conclusion of all final arguments. Only members of the court are permitted in deliberations. Any vote shall be in open court without debate or comment. After final judgment, a

member of the court may provide a written statement on their vote within seventy-two hours to the clerk of the court which would become a part of the official record and entered into the journal.

Rule 9.

(a) **News Media.** In order for the public to be properly informed, representatives of the news media are to be provided space in the Senate gallery and are to be allowed to cover the proceedings of the Senate of the State of Texas sitting as a court of impeachment when the court is in open session. Interviews, press conferences, and other contacts between representatives of the news media and members of the court, officers of the court, members of the House of Representatives, counsel, witnesses, or parties may not be conducted in the Senate Chamber, the Lt. Governor's reception room, the member's lounge, the back hall of the Senate Chamber, and the corridors and rooms within the prescribed area while the court is in session. Two stationary pool cameras shall be allowed in the Senate Chamber to ensure clear visual and audio availability to the news media.

(b) **Public Access.** The bailiff shall organize a method by which as many members of the public as possible have access to the Senate gallery while the court is in open session by rotating members of the public through the gallery seats in an orderly fashion at certain time intervals. To ensure remote public access, the court shall livestream the court proceedings, except

when the court is in a closed session.

Rule 10.

(a) **Gag Order.** A gag order that meets state and federal law standards shall be issued by the presiding officer of the court as soon as practicable after adoption of the rules for the court of impeachment.

(b) **Communication Rules.** No members of the court, staff of members of the court, presiding officer of the court, and legal counsel of the presiding officer shall discuss or comment on any matter relating to the merits of the proceedings before the court of impeachment with Warren Kenneth Paxton, Jr., and his counsel, the House Board of Managers and their counsel, or any persons other than members of the court, the presiding officer of the court, legal counsel to the presiding officer, or staff or legal counsel to members of the court.

(c) **Advocating a Position.** No member of the court or the presiding officer of the court shall advocate a position on the merits of the proceedings to other members of the court or the presiding officer of the court, until such time as deliberations shall begin.

Rule 11.

**Call of the Senate and Privileges of the Senate Floor.**

(a) The court shall proceed as a court of impeachment as though

under a call of the Senate. While the court is in session, all members of the court shall be in attendance in accordance with the Texas Constitution and Section 665.026 of the Texas Government Code.

(b) All members of the House Board of Managers shall be in attendance on the Senate floor when the court of impeachment is in open session.

(c) Members of the court, and their staff and legal counsel, and members of the House Board of Managers may not utilize a wireless mobile device while the court of impeachment is in session on the Senate floor unless necessary for hearing assistance or accessing electronic documents submitted into evidence.

(d) Each member of the court is entitled to one staff member on the Senate floor outside of the rail while the court is in open session. The presiding officer may have legal counsel on the Senate floor while the court is in open session.

(e) Members of the court are allowed legal materials, court transcripts and documents, and personal materials on the Senate floor at their desk. Members of the court, and their staff and legal counsel, and members of the House Board of Managers may utilize electronic equipment on the Senate floor while the court of impeachment is in session that does not have wireless communication capabilities or where those wireless communication capabilities are disabled. Members of the court may access electronic documents submitted into evidence utilizing any

electronic device. Members of the court may keep a drinking container with water on the Senate floor at their desk while the court is in session.

(f) Members of the court may take brief personal breaks to the member's lounge, where the proceedings will be broadcasted, while the court is in session.

(g) As necessary when a witness is not testifying, members of the court may move about the Senate floor while the court is in open session to confer with staff and legal counsel, the presiding officer, legal counsel to the presiding officer, or other members of the court while maintaining strict decorum.

(h) Former members of the Texas Senate, members of the House of Representatives that are not members of the House Board of Managers, family privileges, and other guest floor privileges are suspended during the proceedings of the court of impeachment.

Rule 12.

**New Articles of Impeachment.** The House of Representatives shall not present to the Senate of the State of Texas any additional articles of impeachment to those already presented prior to thirty days within the commencement of the court of impeachment trial. Any additional articles of impeachment to those already presented brought within thirty days of commencement of the court of impeachment trial shall be held in abeyance. If any additional articles of impeachment to those already presented are received

by the Senate of the State of Texas in compliance with Rule 12, no additional time shall be granted to the parties in accordance with the time limitations stated in Rule 17.

Rule 13.

**Authority and Duties of the Presiding Officer.**

(a) The presiding officer of the court shall have power to make and to issue, by himself or herself or by the clerk of the court, all orders, mandates, writs, and process authorized by these rules or by the court, and to make and to enforce such regulations and orders in the Senate as the court may authorize or provide.

(b) All questions of evidence, including questions of relevancy, materiality, or repetition of evidence, and all incidental questions, shall be decided observing the established Texas Rules of Evidence as nearly as applicable, as deemed necessary to promote a timely and fair resolution of the articles of impeachment. The presiding officer of the court shall rule on each question, or at his or her option, shall submit the question to a vote of the majority of the members present and eligible to serve as jurors without debate or comment.

Rule 14.

(a) **Legal Counsel for the Presiding Officer.** In addition to legal staff currently employed by the presiding officer of the Senate, the presiding officer may select legal counsel licensed in the State of Texas who is not a registered lobbyist in this State.

Legal counsel for the presiding officer may consult on matters related to all rulings, orders, mandates, writs, questions of evidence, and processes authorized by the rules of the court of impeachment. The legal counsel selected must be knowledgeable about the Texas Rules of Evidence.

(b) **Legal Counsel for the Members of the Court.** In addition to legal staff currently employed by members of the court, the Texas Senate Caucus may select legal counsel licensed in the State of Texas who is not a registered lobbyist in this State.

Rule 15.

**Motions of the Parties.**

(a) All pre-trial motions made by the parties, or their counsel, other than those referred to in Rule 13(b), are to be submitted in writing to the clerk of the court and addressed to the presiding officer no later than August 5, 2023. All answers shall be filed by the opposing party no later than August 15, 2023. The clerk of the court shall prepare copies of all motions and answers and distribute to members of the court by August 16, 2023. The Senate Special Committee on Rules & Procedures for Court of Impeachment shall review all pre-trial motions and answers and shall prepare a report with recommendations for each motion no later than August 28, 2023. The Senate Special Committee on Rules & Procedures for Court of Impeachment shall provide written copies of the report to members of the court by August 29, 2023. The reports of the Senate Special Committee on Rules & Procedures for

Court of Impeachment are otherwise confidential.

(b) Except for motions that if granted could result in the
dismissal of any article or articles of impeachment, the rulings
shall be made by the presiding officer of the Senate sitting as
the presiding officer of the court of impeachment at the
commencement of the trial prior to opening statements. The
presiding officer may, at his or her option, submit the question
on any motion to a vote of the majority of members of the court
present and eligible to serve as jurors without debate or
comment. If the granting of a motion could result in the
dismissal of any article or articles of impeachment, it shall be
submitted prior to the beginning of an opening statement to a
vote of the majority of the members present and eligible to serve
as jurors without debate or comment, after members of the court
consider all written motions and answers by the parties and the
report of recommendations prepared by the Senate Special
Committee on Rules & Procedures for Court of Impeachment.

(c) If necessary, the presiding officer may defer the ruling on a
motion until the conclusion of all evidence, if it is deemed any
evidence is necessary for a ruling on the motion. If the motion is
deferred, the presiding officer of the Senate, sitting as the
presiding officer of the court, shall rule on the motion at the
conclusion of all evidence, or at his option, after the
conclusion of all evidence, submit the question to a vote of a
majority of the members of the court present and eligible to
serve as jurors without debate or comment. If the granting of a

motion could result in the dismissal of any article or articles of impeachment, it shall be submitted to a vote of the majority of the members present and eligible to serve as jurors without debate or comment, after members of the court consider all written motions and answers by the parties and the report of recommendations prepared by the Senate Special Committee on Rules & Procedures for Court of Impeachment. A majority of the members of the court present and eligible to serve as jurors may defer the ruling on a motion until the conclusion of all evidence, if it is deemed any evidence is necessary for a ruling on the motion.

(d) All other motions that may be filed during the course of the trial, other than those referred to in Rule 13(b) shall be filed in writing and presented to the presiding officer of the court. The presiding officer of the court shall rule on each question, or at his or her option, shall submit the question to a vote of the majority of the members present and eligible to serve as jurors without debate or comment. If the granting of a motion could result in the dismissal of any article or articles of impeachment, it shall be submitted to a vote of the majority of the members present and eligible to serve as jurors without debate or comment, after members of the court consider all written motions and answers by the parties and the report of recommendations prepared by the Senate Special Committee on Rules & Procedures for Court of Impeachment.

(e) The above dates in Rule 15 are subject to change at the

discretion of the presiding officer of the Senate, if the start date of the trial is amended.

(f) All motions and answers shall be submitted to the clerk of the court and must be created in 12-point, Times New Roman font, double-spaced, and on letter size paper. All motions and answers submitted must maintain a minimum one-inch margin on all sides. All motions and answers submitted shall not exceed ten pages in length.

Rule 16.

**Decisions of Court.** Except as provided otherwise in these rules, all questions to the court are to be decided on the vote of a majority of the members present and eligible to serve as jurors without debate or comment.

Rule 17.

**Time Limitations.** It is the intent of the Senate of the State of Texas to conduct a fair and respectful trial. The Senate will not tolerate unnecessary delays, outbursts, or side-bar remarks. The decorum rules of the Senate Chamber will be respected at all times. Prolonged, repetitive, or unnecessary questioning or posturing will not be allowed. The presiding officer will strictly and routinely enforce Rule 611 in the Texas Rules of Evidence. The presiding officer shall exercise reasonable control over the time, mode, and order of the examination of witnesses and the presentation of evidence so as to:

(1) make those procedures effective for determining the truth;

(2) avoid wasting time; and

(3) protect witnesses from harassment or undue embarrassment.

To that end, the following time limits and rules are to be in effect for the court of impeachment, subject to extension by the presiding officer of the court in the interest of justice:

(1) Opening statements: 60 minutes per side;

(2) Total hours for presentation of evidence: 24 hours for each party;

(3) Cross-examination of witnesses shall be closely monitored for violations of Rule 611 in the Texas Rules of Evidence;

(4) Only one person per side can question a witness and only one person per side may cross-examine a witness;

(5) Rebuttal evidence: 60 minutes per side;

(6) Final argument: 60 minutes per side; and

(7) If there is a conviction: 15 minutes per side on the issue of disqualification to hold future office.

Rule 18.

**Preparations and Proceedings.** The presiding officer of the Senate shall direct all necessary preparations in the Senate Chamber, and the presiding officer of the court, shall direct all forms of proceedings, and all forms during the trial of impeachment not otherwise provided for.

Rule 19.

**Administration of Oaths.**

(a) The following oath is to be administered by the chief justice of the Supreme Court of Texas or the presiding judge of the Criminal Court of Appeals of Texas to the presiding officer of the court:

*"I do solemnly swear or affirm that I will impartially try Warren Kenneth Paxton, Jr., Attorney General of Texas, upon the impeachment charges submitted by the House of Representatives, so help me God."*

(b) The following oath is to be administered by the presiding officer of the court to each member of the Senate that is eligible to serve as a juror of the court:

*"I do solemnly swear or affirm that I will impartially try Warren Kenneth Paxton, Jr., Attorney General of Texas, upon the impeachment charges submitted to me by the House of Representatives and a true verdict render according to the law, and the evidence, so help me God."*

(c) The following oath is to be administered by the presiding officer, or the clerk of the court at the direction of the presiding officer, to each person employed by the court to interpret or translate for a witness appearing in the impeachment proceedings:

*"I do solemnly swear or affirm that I will correctly interpret and translate for proceedings on the trial of Warren Kenneth Paxton, Jr., on impeachment, so help me God."*

(d) The following oath is to be administered by the presiding officer, or the clerk of the court at the direction of the presiding officer, to each person employed by the court to transcribe or report the impeachment proceedings:

*"I do solemnly swear or affirm that I will correctly transcribe and report all of the proceedings on the trial of Warren Kenneth Paxton, Jr., on impeachment, so help me God."*

Rule 20.

**Votes.**

(a) No member of the court that is eligible to serve as a juror may vote or have a vote recorded on any question unless present on the Senate floor at the time such vote is taken. No member may be paired or vote by proxy. All votes by members of the court shall be a yea or nay.

(b) For any motion, that if wholly or partially granted, would result in dismissal of any article or articles of impeachment,

the votes shall be taken in the following manner: Each member of the court shall be provided a voting form and shall submit a written vote on the motion to the clerk of the court to be entered in the record. Immediately after collection of the written votes by the bailiff, the clerk of the court shall randomly select one written ballot at a time and call the member of the court's name and the vote that the member of the court recorded. At the conclusion of reading all members of the court's votes, the clerk of the court shall announce the vote tally and then the presiding officer shall poll the members of the court. As each member of the court's name is called by the presiding officer, he or she shall rise in his or her place and answer yea or nay.

Rule 21.

**Witnesses.**

(a) Each person appearing as a witness in the impeachment proceeding shall be administered an oath. The presiding officer of the court shall administer the following oath:

*"I do solemnly swear or affirm that the evidence I give upon this hearing by the Senate of Texas of impeachment charges against Warren Kenneth Paxton, Jr., shall be the truth, the whole truth, and nothing but the truth, so help me God."*

(b) Witnesses may be examined by only one person on behalf of the party calling them and cross-examined by only one person on behalf of the other party.

(c) For purposes of this court of impeachment, witness depositions shall not be taken by either party of any potential witness. Evidence in the form of a deposition is not admissible, unless the deposition was taken in a prior proceeding, is authenticated, and is used solely for impeachment purposes under Rule 613 of the Texas Rules of Evidence.

(d) No member of the court or the presiding officer of the court may be called or volunteer as a witness unless the evidence to be elicited is relevant, material, compelling, and not otherwise provable. A party seeking to call a member of the court or the presiding officer as a witness must provide notice as required under Rule 5(e) unless the testimony is requested during the rebuttal period, but in any event must prepare a written proffer of evidence and testimony to be elicited. Such written proffer must explain why the evidence is not otherwise provable. The presiding officer shall rule on the request to call a member of the court. If the proffer is for the presiding officer to be a witness, the Senate Special Committee on Rules & Procedures for Court of Impeachment shall prepare a report with recommendations that shall be presented to members of the court. Upon review of the report, the question shall be submitted to a vote of the majority of the members present and eligible to serve as jurors without comment or debate.

(e) At any time, the parties, may by agreement proffer the testimony of a member of the court or the presiding officer. Such proffer is not admissible unless the member of the court or the presiding officer who is the subject of the proffer, voluntarily

signs the proffer.

(f) A member of the court who is called as a witness, or whose testimony is provided by proffer, is not subject to removal or recusal from the court of impeachment by any party by virtue of the fact that they are a witness.

(g) In preparation for trial, parties may contact potential witnesses. If a potential witness voluntarily agrees, a party may speak to a witness.

(h) If the presiding officer determines that a request by a party under Rule 21(d) is frivolous, it shall subject the moving party to contempt proceedings.

Rule 22.

**Service of Subpoenas.** The presiding officer is authorized on the request of one of the parties or their counsel to issue subpoenas compelling persons to attend or to produce writings or other items before the court. Subpoenas shall be promptly served by the bailiff, or licensed peace officers in the State of Texas on behalf of the bailiff. Subpoenas are to be served in-person or by certified or registered mail, but where it is impractical to secure service in such manner, subpoenas may be served by leaving a true copy at the usual place of business of the person to be served, by delivering a true copy to anyone over sixteen years of age at the person's usual place of residence, or in any other manner which will be reasonably effective to give the person notice.

Rule 23.

**Form of Subpoena.**

SENATE OF TEXAS

COURT OF IMPEACHMENT

TO THE BAILIFF OF THE COURT OF IMPEACHMENT OR ANY PEACE OFFICER OF THE STATE OF TEXAS

GREETING:

You        are        hereby        commanded        to        summon

_____

_____

to appear in person before the SENATE OF TEXAS sitting as a COURT OF IMPEACHMENT which will meet at the SENATE CHAMBER in the CAPITOL BUILDING in AUSTIN, TEXAS, on the ____ day of _____, 2023, at _____, then and there to testify and the truth to speak on behalf of _____ in the cause which is before the Court, in which the House of Representatives has impeached Warren Kenneth Paxton, Jr., and there to remain from day to day until discharged by the Court.

Said witness is further commanded to produce at the said time and place the following books, papers, documents or other tangible things        as        described        below:

_____

_____. Herein fail not, but have you this writ in due time before the Court with your return thereon, showing how you have executed the same. Issued and given under my

hand this _____ day of _____, 2023.

_____

Dan Patrick

President of the Senate and

Presiding Officer of the Court of Impeachment


_____

Clerk of the Court

OFFICER'S RETURN ON SUBPOENA

Came to hand on the ___ day of _____, 2023, at _____, and executed on the ___ day of _____, 2023, at _____, by delivering a true copy of this subpoena to

_____

_____

_____ the within named witness, at _____ in _____ County, Texas.




_____

Bailiff or any Peace Officer of the State of Texas

Rule 24.

**The Rule.**

(a) Witnesses who are present at trial are to be sworn and placed in the custody of the bailiff and removed from the Senate Chamber to a place where they cannot hear the testimony of other witnesses. This is termed placing witnesses under the Rule. If they are not reached to testify on that day, they will be excused until the next court date and shall be admonished on the Rule. All witnesses listed under Rule 5(e), shall be instructed of Rule 24 prior to commencement of the court of impeachment trial.

(b) Members of the court, the presiding officer of the court, parties, and their counsel are excused from the Rule. The court by vote of the majority of members present and eligible to serve as jurors without debate or comment may excuse other witnesses from the Rule.

(c) No witness under the Rule may be allowed to hear any testimony of other witnesses.

(d) Witnesses under the Rule must be instructed by the presiding officer that they are not to converse with each other or with any other person, except counsel for the parties concerning the proceedings before the court, and are not to read any report, watch any livestream or broadcast of the proceedings, including news reports or social media of, or comment on testimony before the court. A witness violating such instructions may be punished for contempt.

Rule 25.

**Burden of Proof.** The burden of proof is beyond a reasonable doubt and is put upon the House Board of Managers who are entitled to open and conclude the presentation of evidence and argument in the case.

Rule 26.

**Orders and Decisions of the Court.** All orders and decisions of the court shall be made and had by yeas and nays, which shall be entered on the record, and without debate or comment, except when the doors shall be closed for deliberation.

Rule 27.

Court Deliberation After Final Argument. After conclusion of argument, the court shall deliberate on the articles of impeachment. The deliberation is in closed session. Before deliberation commences, the presiding officer shall read the following to members of the court:

*"Sustaining an article of impeachment means that the impeached officer is removed from office for the term the officer was last elected. You are instructed that the rules adopted by the court of impeachment establish that the burden of proof rests on the House Board of Managers to prove an article of impeachment beyond a reasonable doubt. You are to determine if the allegation in each article presented to you has been proven beyond a reasonable doubt, and if so, shall the article of impeachment be sustained which would result in removal of office. The final question to be put to*

*you after each article is: "Shall this article of impeachment be sustained?"*

Rule 28.

**Submission of the Final Question.** An article of impeachment is not divisible. Voting occurs separately on each article. After an article has been read, the final question is put: *"Shall this article of impeachment be sustained?",* and each member of the court shall be provided a voting form and shall submit a written vote on the article of impeachment to the clerk of the court to be entered in the record. Immediately after collection of the written votes by the bailiff, the clerk of the court shall randomly select one written ballot at a time and call the member of the court's name and the vote that the member of the court recorded. At the conclusion of reading all members of the court's votes, the clerk of the court shall announce the vote tally and then the presiding officer shall poll the members of the court. As each member of the court's name is called by the presiding officer, he or she shall rise in his or her place and answer yea or nay. If an article of impeachment is not sustained by the votes of the members of the court present, a finding of acquittal is entered as to that article. If an article of impeachment is sustained by the votes of two-thirds of the members present, a finding of conviction is entered as to that article. The vote by which an article of impeachment is sustained or rejected shall not be reconsidered.

Rule 29.

**Judgment of Acquittal.** If no article of impeachment is sustained, a judgment of acquittal is entered. The presiding officer of the court shall prepare a final judgment disposing of all issues in accordance with the decisions of the court. The judgment is entered in the record of the court and a certified copy is deposited in the office of the Texas Secretary of State.

Rule 30.

**Judgment of Conviction.**

(a) If any article of impeachment is sustained, the presiding officer of the court shall prepare a final judgment disposing of all issues in accordance with the decisions of the court. Upon motion by the House Board of Managers to extend the judgment to include disqualification from holding any office of honor, trust, or profit under this State, counsel for each party may present arguments. Upon conclusion of the arguments, the question is put: *"Shall judgment extend to disqualification from holding any office of honor, trust, or profit under this State?",* and each member of the court, as his or her name is called, shall rise in his or her place and answer yea or nay, which vote shall be entered on the record. The motion shall be adopted if approved by two-thirds of the members of the court present. Upon pronouncement of judgment by the court, a certified copy of the judgment is to be deposited in the office of the Texas Secretary of State. The judgment must extend to removal from office and may extend to disqualification from holding any office of honor, trust, or profit under this

State.

(b) Upon final judgment of either acquittal or conviction of Articles I, II, III, IV, V, VI, VII, VIII, IX, X, XV, XVI, XVII, XVIII, XIX, and XX, any member of the court may make a motion for dismissal of the remaining articles of impeachment held in abeyance. The motion shall be adopted only if approved by a majority of the members of the court present. If adopted, a dismissal in this context does not constitute an acquittal of any charge contained in the articles of impeachment but would constitute a final decision by the Senate on the articles of impeachment and the impeachment would no longer be pending for purposes of Article 15, Section 5, of the Texas Constitution and the court of impeachment would dissolve upon further motion to adjourn *sine die*. If it is not adopted, the date for further proceedings shall then be set by the presiding officer for a time certain in the future.

Rule 31.

**Conflict.** A member of the court who is the spouse of a party to the court of impeachment is considered to have a conflict pursuant to Article III, Section 22, of the Texas Constitution. Such member of the court shall be seated in the court of impeachment pursuant to Article 15 of the Texas Constitution. However, such member of the court shall not be eligible to vote on any matter, motion, or question, or participate in closed sessions or deliberations.

Notwithstanding any other rule, a member of the court who is the

spouse of a party to the court of impeachment shall be considered present and eligible only for the purpose of calculating the number of votes required for any and all matters, motions, and questions under these rules.