JUL 17 2023
CLERK OF THE COURT

SENATE OF TEXAS

COURT OF IMPEACHMENT

GAG ORDER

FINDINGS:

The court finds that there has been extensive publicity surrounding the trial of impeachment of Warren Kenneth Paxton, Jr., and the allegations contained in the articles of impeachment.

The court further finds that out-of-court statements relating to the matters of this impeachment proceeding pose a serious and imminent threat to Warren Kenneth Paxton, Jr.'s, right to a fair trial of impeachment, the ability of the members of the court to remain fair and impartial, and to the fair administration of justice.

While the breadth of publicity related to the trial of impeachment is immeasurable, some specific public actions by individuals involved in the impeachment trial are particularly egregious. Examples of such actions are attached as Exhibit A. The court advises members of the court to not read Exhibit A.

If a member of the court is exposed to extrajudicial statements like those in Exhibit A made by individuals involved in the trial of impeachment, it could impact the member's ability to render a fair and impartial verdict. The court finds that publicity of comments made by individuals involved in the trial of impeachment has been so pervasive, prejudicial, and inflammatory that there is a substantial likelihood that members' initial opinions may not be set aside. Furthermore, there is no jury pool in a trial of impeachment; the members of the court are already determined, and the court may not recompose a jury of individuals who have not witnessed the publicity surrounding the trial of impeachment. Thus, any prejudicial bias that occurs would irreparably taint the impartiality of the court.

The court finds there is a substantial likelihood that members may be inadvertently exposed to prejudicial publicity if an order restricting publicity is not entered. The court finds that individuals involved in the trial of impeachment will likely continue to make public prejudicial and inflammatory statements unless this order is issued. Therefore, the court finds that other less restrictive means will not adequately protect Warren Kenneth Paxton, Jr.'s, right to a fair trial of impeachment and the interests of the House Board of Managers and Warren Kenneth Paxton, Jr., in a fair and impartial court.



**EXHIBIT B**

THE COURT THEREFORE ISSUES THE FOLLOWING ORDER:

Any member of the court; member of the House of Representatives; party to the trial of impeachment; witness in the trial of impeachment; or attorney, employee, or agent of any of these individuals shall not furnish any statement or information, or make or authorize the making of an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication, if the person making the statement knows or reasonably should know that it will have a substantial likelihood of materially prejudicing the trial of impeachment, pose a serious threat to the constitutional guarantees to a fair trial, or impair the court's ability to maintain a fair and impartial court. Such statements and information include, but are not limited to, the following:

1) statements concerning the expected testimony of any party or witness, or the character, reputation or credibility of any party, witness, or attorney involved in the trial of impeachment or members of their office;
2) statements concerning the existence or contents of any statement given by a party, or the refusal or failure of any person related to this trial of impeachment to make a statement;
3) statements concerning the nature of any evidence which may be presented;
4) the identity or nature of any physical evidence expected to be presented;
5) any opinion as to whether the articles of impeachment should be dismissed or sustained against Warren Kenneth Paxton, Jr.;
6) subpoenas issued by the court or information received pursuant to the Discovery Order, a subpoena, or other order of the court; or
7) any information the person knows or reasonably should know is likely to be inadmissible as evidence at the trial of impeachment and would, if disclosed, create a substantial risk of prejudicing an impartial trial or the ability to maintain a fair and impartial court.

Additionally, the attorneys involved in this trial of impeachment shall not make or authorize the making of any statements in violation of Rule 3.07 of the Texas Disciplinary Rules of Professional Conduct.

A person subject to this order is not prohibited by virtue of this order from making out-of-court statements reciting, without comment, information contained in public records, the scheduling or result of any proceeding, the general nature of the proceedings, or any other statement which would not violate the provisions of this order.

Members of the press shall not be prohibited from reporting news accounts concerning the trial of impeachment or from writing about the trial of impeachment. This order does not restrict the publication or broadcasting by members of the press or the news media of any information not otherwise prohibited by law. Nor shall this order be construed to restrict the press or public's access to public documents.

This order is effective immediately and shall remain in effect until final disposition of the trial of impeachment or until further orders of this court are issued. Anyone who violates this order is subject to being held in contempt of court, which is punishable by confinement in county jail for up to six months and/or a fine not to exceed $500.

Signed this 17th day of July, 2023.

*Dan Patrick*
Presiding Officer of the Court of Impeachment

# Exhibit A

The court advises members of the court to not read Exhibit A

Examples of inflammatory and prejudicial statements:

After the Articles of Impeachment were preferred to the Senate, one of the House Board of Managers authored an opinion article published in major newspapers that used inflammatory and prejudicial language like "harrowing findings of corruption," "shocking pattern of abuse and criminality," and "one overwhelming conclusion." At a press conference, attorneys hired by the House Board of Managers also used inflammatory language including "crook" and "the allegations will blow your mind." Further, a potential witness for the House Board of Managers recently made a press statement calling Warren Kenneth Paxton, Jr., a "coward." Additionally, an attorney for Warren Kenneth Paxton, Jr., used inflammatory and prejudicial language by publicly describing the impeachment as a "sham engineered by someone with a personal vendetta." The attorney also referred to House actions as an "evil, illegal, and unprecedented weaponization of state power" and called the articles of impeachment "bologna."